**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BACILIO SALDIVAR, an individual, and RAMIRO SALDIVAR, an individual, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, | ) ) ) ) | Case No.1:18-cv-7266 |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VITO & ANGELO PIZZERIA, INC., an Illinois corporation, and GIUSEPPE LA BARBERA, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

The Plaintiffs, Bacilio Saldivar and Ramiro Saldivar, ("Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complain against Defendants, Vito & Angelo Pizzeria, Inc. ("Vito & Angelo Pizzeria"), and Giuseppe La Barbera ("La Barbera") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, any compensation for hours worked over forty (40) in a workweek, while compensating the Plaintiffs, and other similarly situated employees, on an improper salary basis. Plaintiffs, and other similarly situated

employees, are current and former cooks and kitchen staff employees of Defendants' Vito & Angelo Pizzeria restaurant.

2.      Plaintiffs bring this case as a collective action under 29 U.S.C. §216(b). Plaintiffs' consent forms to act as the representative parties in this collective action are attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5.      Plaintiff Bacilio Saldivar is a former employee of the Defendants' Vito & Angelo Pizzeria restaurant located at 3644 W. Fullerton Ave. in Chicago, Illinois. Plaintiff Bacilio Saldivar worked as a pizza cook at Defendants' restaurant from approximately December, 2010 through October 15, 2018.

6.      Plaintiff Ramiro Saldivar is also a former employee of the Defendants' Vito & Angelo Pizzeria restaurant, and worked as a pizza cook at Defendants' restaurant from approximately June, 2014 through October 15, 2018.

7.      During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

8.      Plaintiffs reside in and are domiciled in this judicial district.

2

9.      Defendant Vito & Angelo's Pizzeria, Inc. is an Illinois corporation that operates the Vito & Angelo Pizzeria restaurant located on West Fullerton Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

10.      Upon information and belief, Defendants have earned more than $1,000,000 in annual gross revenue during 2015, 2016, 2017 and 2018.

11.      Defendant Vito & Angelo's Pizzeria, Inc. is registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district.

12.      Defendant Giuseppe La Barbera is the president, owner and manager of Vito & Angelo Pizzeria, Inc.

13.      At all times relevant to this action, Defendant La Barbera possessed extensive oversight over the Vito & Angelo Pizzeria restaurant and business operations. Defendant La Barbera was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

14.      Upon information and belief, Defendant La Barbera resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

15.      During the period from October, 2015 to October 15, 2018, Plaintiff Bacilio Saldivar regularly worked six (6) days a week. On Tuesday, Wednesday, Thursday and Sunday, he typically worked from 2:00 p.m. to 11:00 or Midnight; and, on Friday and Saturday, he

typically worked from 2:00 p.m. until at least Midnight. Plaintiff Bacilio Saldivar typically did not work on Monday.

16.     Based on his schedule, Plaintiff Bacilio Saldivar regularly worked approximately fifty-eight (58) hours in individual workweeks from October, 2015 through October 15, 2018.

17.     Defendants paid Plaintiff Bacilio Saldivar a $640.00 per week salary based on a forty (40) hour workweek at the rate of $16.00 per hour during the relevant period.

18.     Defendants did not pay Plaintiff Bacilio Saldivar any compensation for hours worked in excess of forty (40) in a workweek.

19.     During the period from October, 2015 to October 15, 2018, excluding approximately four weeks during the summer of 2017, Plaintiff Ramiro Saldivar regularly worked six (6) days a week. On Monday, Wednesday, Thursday and Sunday, he typically worked from 3:00 p.m. to Midnight; and, on Friday and Saturday, he typically worked from 3:00 p.m. to 2:00 a.m. Plaintiff Ramiro Saldivar typically did not work on Tuesday.

20.     Based on his schedule, Plaintiff Ramiro Saldivar regularly worked approximately fifty-eight (58) hours in individual workweeks from October, 2015 through October 15, 2018, excluding four weeks during the summer of 2017.

21.     During the period from October, 2015 through August, 2016, Defendants paid Plaintiff Ramiro Saldivar a $520.00 per week salary based on a forty (40) hour workweek at the rate of $13.00 per hour. During the period from September, 2016 to October 15, 2018, Defendants paid Plaintiff Ramiro Saldivar a $640.00 per week salary based on a forty (40) hour workweek at the rate of $16.00 per hour.

22.     Defendants did not pay Plaintiff Ramiro Saldivar any compensation for hours worked in excess of forty (40) in a workweek.

4

23.     Defendants did not compensate Plaintiffs, and other non-exempt cooks and kitchen staff employees, for hours worked in excess of forty (40) in individual workweeks, and Defendants did not compensate Plaintiffs, and other non-exempt cooks and kitchen staff employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

24.     Defendants never paid Plaintiffs an overtime premium when they worked more than forty (40) hours in a work week.

25.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

26.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former cooks and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

27.     During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former cooks and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

28.     Plaintiffs and other similarly situated current and former cooks and kitchen staff employees worked more than forty (40) hours in individual workweeks and received no compensation for hours worked in excess of 40 in a workweek due to unlawful salary arrangements.

29.    Plaintiffs, and the other similarly situated cooks and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay any compensation to cooks and kitchen staff employees when they worked in excess of forty (40) hours in an individual workweek, and by refusing to pay an overtime premium for hours worked in excess of forty in individual workweeks.

30.    Defendants at all times failed to pay Plaintiffs, and other similarly situated cooks and kitchen employees, any compensation, including at a rate of one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

31.    Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

32.    Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

33.    There are numerous similarly situated current and former cooks and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

34.    The similarly situated current and former cooks and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

35.    Plaintiffs hereby incorporate paragraphs 1 through 34 as though stated herein.

36.     Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

37.     Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

38.     Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

39.     Defendant Vito & Angelo's Pizzeria is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a).

40.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and the other non-exempt cooks and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

41.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

42.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs and other cooks and kitchen staff employees were scheduled to work and regularly did work more than forty (40) hours in a work week, and Defendants further avoided overtime wage obligations by placing the Plaintiffs, and those similarly situated, on an illegal salary compensation plan.

**WHEREFORE**, the Plaintiffs, Bacilio Saldivar and Ramiro Saldivar, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Vito & Angelo's Pizzeria, Inc. and Giuseppe La Barbera, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

43.  Plaintiffs hereby incorporate paragraphs 1 through 25 as though stated herein.

44.  Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

45.  Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

46.  Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

47.  Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

48.  Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Bacilio Saldivar and Ramiro Saldivar, pray for a judgment against Defendants, Vito & Angelo's Pizzeria, Inc. and Giuseppe La Barbera, as follows:

 A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

 B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

 C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

 D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

49. Plaintiffs hereby incorporate paragraphs 1 through 25 as though stated herein.

50. Plaintiffs were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

51. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

52. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

53. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**WHEREFORE**, the Plaintiffs, Bacilio Saldivar and Ramiro Saldivar, pray for a judgment against Defendants, Vito & Angelo's Pizzeria, Inc. and Giuseppe La Barbera, as follows:

A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.    Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Wage Payment and Collection Act – Earned Wages

54.    Plaintiffs hereby incorporate paragraphs 1 through 25 as though stated herein.

55.    Plaintiffs were each an "employee" under the IWPCA, 820 ILCS § 115/2,

56.    Plaintiffs were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

57.    Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

58.    During Plaintiffs' employment, Defendants failed to pay Plaintiffs any of their earned compensation for hours worked in excess of forty (40) hours in a workweek as a result of Defendants misclassifying the Plaintiffs as exempt employees by paying them a weekly salary. However, Plaintiffs are non-exempt employees that should have been paid on an hourly compensation basis for all hours of work performed.

59.    In violation of the Act, Defendants repeatedly and unlawfully paid the Plaintiffs as salary-exempt and failed to pay them earned compensation for hours worked in excess of forty (40) in a workweek.

**WHEREFORE**, the Plaintiffs, Bacilio Saldivar and Ramiro Saldivar, pray for a judgment against Defendants, Vito & Angelo's Pizzeria, Inc. and Giuseppe La Barbera, as follows:

10

A.  A judgment in an amount to be determined at trial for all of the earned wages and agency withholding deposits due Plaintiffs;

B.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

Dated: October 30, 2018                    Respectfully submitted,

Bacilio Saldivar and Ramiro Saldivar,
on behalf of themselves and all other
Plaintiffs similarly situated, known and
known,
Plaintiffs,

/s/ Timothy M. Nolan
_____
One of the Plaintiffs' Attorneys

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com